REBECCA GAMBOA
PO Box 175
PISMO BEACH CA 93448
(805) 994-9236
Fax Number:
Email: hevinnly@yahoo.com

REBECCA GAMBOA, IN PRO PER

FILED

CLERK, U.S. DISTRICT COURT

5/13/25

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

REBECCA GAMBOA,

      Plaintiff,

      V.

COUNTY OF SAN LUIS OBISPO,
DEPT. OF SOCIAL SERVICES &
CHILD WELFARE OF SAN LUIS
OBISPO COUNTY, DEVIN DRAKE,
NANCY KUSTER, JULIANA
MALADECI, LORI SPIRE, JOCELYN
MCCURREY, DESILYN TREHAN,
BARBARA PRIOR, VALERIE
AMADOR, LINDA CURREY, DEBRA
BARRIGER, VINCENT UBERTI,
DANIELLE PLEVEL, AARON
MILLER, DOES 1-10

      Defendants,

Case No.: CV25-4339-AB(MBK)

**Complaint for Violations of Civil Rights (42 U.S.C. § 1983); the Americans with Disabilities Act (42 U.S.C. § 12132); and Supplemental State Law Claims Pursuant to 28 U.S.C. § 1367**

**JURY DEMAND**

## INTRODUCTION

1.  This action arises from one of the most profound betrayals a parent can suffer:

COMPLAINT FOR DAMAGES

2. A system that once trusted Plaintiff Rebecca Gamboa to heal traumatized foster children, that partnered with her in building safe, loving homes, turned without cause, and unlawfully tore her family apart.

3. For years, Plaintiff worked cooperatively with San Luis Obispo County Child Welfare Services ("CWS"), successfully completing service plans, providing therapeutic support, advocating for vulnerable minors, and ultimately earning the right to permanently adopt two of her foster children. Her relationship with CWS, social workers, therapists, and court officers was marked by transparency, trust, and mutual respect. Monthly, Plaintiff maintained contact with caseworkers, therapists, and specialists, navigating life's challenges openly and in collaboration with agency representatives.

4. These facts are documented in Defendants' own official case records, reports, and court filings — records they created, submitted, and relied upon throughout the dependency proceedings. Nevertheless, without lawful authority or factual basis, Defendants unlawfully removed Plaintiff's children in September 2023, fabricated reports to justify their actions after the fact, suppressed exculpatory evidence, discouraged lawful kinship placements, retaliated against Plaintiff's protected advocacy, and obstructed her ADA rights during periods of known medical disability.

2

COMPLAINT FOR DAMAGES

5. Defendants — including County officials, social workers, supervisors, attorneys, and court-appointed officers — engaged in a conspiracy under color of law to destroy the very family they once helped build. Their violations span the First, Fourth, and Fourteenth Amendments to the United States Constitution, and Title II of the Americans with Disabilities Act.

6. This case seeks not only compensation for irreparable personal harm, but structural accountability. It seeks declaratory relief affirming that constitutional rights do not yield to bureaucratic retaliation. It seeks injunctive relief to stop ongoing injury. And it seeks punitive damages to punish those who abused their public power.

7. Above all, this case seeks recognition that families are not disposable. That trust, once granted, must be honored. That justice, even delayed, must be delivered. Plaintiff stands not just for her own children — but for every family who has suffered in silence under unchecked, unconstitutional government misconduct.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (federal questions and civil rights violations), and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

COMPLAINT FOR DAMAGES

9. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in the Central District of California, San Luis Obispo County.

Parties

10. Plaintiff Rebecca Gamboa ("Plaintiff") is, and at all times relevant herein was, a resident of San Luis Obispo County, California.

Plaintiff is the adoptive and legal mother of the minor children referenced herein, including Bryan Gamboa and Vaniela Gamboa.

Plaintiff brings this action individually and on behalf of her minor children to redress violations of constitutional rights, statutory rights under the Americans with Disabilities Act, and supplemental rights under California law.

Plaintiff has suffered, and continues to suffer, irreparable harm to her constitutional rights, emotional distress, health, financial stability, reputation, and familial relationships as a direct and proximate result of Defendants' unlawful actions taken under color of law.

11. County of San Luis Obispo: A public entity responsible for oversight and operation of its agencies, including DSS and CWS. Defendant County is liable under Monell for customs, practices, and policies that resulted in constitutional violations, failures

4

to supervise, and systemic misconduct. RICO Enterprise Liability (Pattern of Fraud, Retaliation, Obstruction.

12. Department of Social Services (DSS): A department of San Luis Obispo County responsible for administering dependency proceedings. DSS is liable under Monell for institutional failures including records suppression, obstruction of reunification, and failure to train or supervise social workers and legal counsel. Sued as a division of the County. RICO Enterprise Liability (Pattern of Fraud, Retaliation, Obstruction)

13. Child Welfare Services (CWS): A division of DSS responsible for casework, investigations, and recommendations in child dependency cases. CWS is liable under Monell for repeated constitutional violations, submission of false reports, supervisory failures, and systemic retaliation against Plaintiff. Sued as a division of the County. RICO Enterprise Liability (Pattern of Fraud, Retaliation, Obstruction)

14. Devin Drake: Director of DSS and final policymaker responsible for the agency decisions, including ratification of court filings and policies. Signed off on all CWS reports submitted to the court. Sued individually and in his official capacity.

15. Claims: Monell liability, ratification of misconduct, failure to intervene, deliberate indifference, RICO Predicate Acts (Obstruction, Retaliation by Omission)

16. Nancy Kuster: CWS Supervising Director administrative overseer of operations involving Child Welfare Services. Defendant Kuster failed to investigate, intervene,

5

COMPLAINT FOR DAMAGES

or correct unlawful conduct. Defendant Kuster's failure to act amounts to ratification of unconstitutional conduct, contributing to the sustained harm and deprivation of Plaintiff's parental rights.

17. Claims: Supervisory Liability (Failure to Train, Investigate, or Discipline), Ratification of Misconduct, Procedural Due Process Violation (14th Amendment), Civil Conspiracy / RICO Predicate Participation, Title IV-E Violation (Failure to Provide Oversight for Reasonable Efforts), RICO Predicate Acts (Obstruction, Retaliation by Omission)

18. Debra Barriger: County Counsel for DSS/CWS. Obstructed access to court records, blocked Plaintiffs filings, suppressed exculpatory evidence, and enabled retaliation against Plaintiff. Acted outside protected legal function. While purporting to act as legal counsel for DSS and CWS, engaged in conduct beyond the legitimate scope of advocacy and quasi-judicial functions, including obstruction of access to court-ordered records, suppression of exculpatory evidence, retaliation against Plaintiff for exercise of First Amendment rights, and direct collusion with social workers to sustain unlawful dependency jurisdiction without lawful basis. Defendant Barriger acted under color of law and within the course and scope of her employment, but engaged in activities outside protected legal advocacy. Sued individually and in her official capacity.

COMPLAINT FOR DAMAGES

19. Claims: Access to Courts, Abuse of Process, Civil Conspiracy, 1st Amendment Retaliation, RICO Predicate Acts (Obstruction, Retaliation by Omission)

20. Vincent Uberti: Deputy County Counsel. Participated in fabrication of evidence, obstructed record access, and retaliated against Plaintiff. Sued individually and in his official capacity. Acting ostensibly within his official duties, knowingly participated in the fabrication of court reports, withheld exculpatory information from the Court, and engaged in retaliatory tactics against Plaintiff for her exercise of protected rights, thereby acting outside the legitimate scope of advocacy.

21. Claims: Fraud, Civil Conspiracy, 1st Amendment Retaliation, Access to Courts, RICO Predicate Acts (Obstruction, Retaliation by Omission)

22. Aaron Miller: Police officer involved in the unlawful removal of children on September 27, 2023, without a warrant or exigency. Sued in individual and official capacity.

23. Claims: 4th Amendment unlawful seizure, 14th Amendment due process violation, conspiracy under color of law

24. Lori Spire: Supervisor within Child Welfare Services. Defendant McCurrey signed and approved court reports prepared by Amanda Briley and others despite knowledge or reason to know that these reports contained misrepresentations, false allegations, and omitted exculpatory evidence. By endorsing these filings, she ratified the use of

7

COMPLAINT FOR DAMAGES

fabricated evidence and unlawful interference with Plaintiff's rights. She failed to respond to complaints or ensure accuracy in the official record. Acted under color of law and within official duties. Sued individually and in official capacity.

25. Claims: Ratification of Constitutional Violations, Supervisory Liability (Failure to Intervene), Procedural Due Process Violation (14th Amendment)

26. Desilyn Trahan: Supervisor within Child Welfare Services. Approved Brileys reports despite known inaccuracies, failed to correct the record after formal complaints, and ratified retaliatory conduct. Sued individually and in official capacity.

27. Claims: Supervisory liability, ratification of misconduct, ADA retaliation, failure to investigate (Monell claim basis), RICO Predicate Acts (Obstruction, Retaliation by Omission)

28. Amanda Briley: Social worker employed by CWS, operated under expired license since January 2020. Submitted false reports, mischaracterized drug test results, interfered with placement, and retaliated against plaintiff. Following the initial removal, Defendant Briley played a central role in the perpetuation of constitutional violations and retaliation against Plaintiff. Briley submitted multiple false and misleading reports to the juvenile court, including fabricated drug test summaries, omissions of exculpatory evidence, and deliberate mischaracterizations of family history, service participation, and placement efforts. She repeatedly ignored

Plaintiff's documentation and communications, discouraged placement with family members, and misused her authority to obstruct reunification. Throughout the dependency proceedings, Briley acted without a valid social work license and operated outside statutory scope, thereby undermining the legitimacy of all filings submitted under her name.

29. Claims: Fabrication of Evidence (42 U.S.C. § 1983), Perjury (Cal. Penal Code §§ 115, 118), Procedural Due Process Violation (14th Amendment, First Amendment Retaliation, Fraud and Misrepresentation, ADA Retaliation, Intentional Infliction of Emotional Distress, Title IV-E Violations (Failure to Support Reunification), RICO Predicate Acts (Fraud, Obstruction, Retaliation), Common Law Negligence and Abuse of ProcessSued individually and in official capacity.

30. Jocelyn McCurrey: Supervisor employed by CWS. Defendant McCurrey signed and approved court reports prepared by Amanda Briley and others despite knowledge or reason to know that these reports contained misrepresentations, false allegations, and omitted exculpatory evidence. Acted under color of law and within official duties. Sued individually and in official capacity.

31. Claims: Ratification of Constitutional Violations, Supervisory Liability (Failure to Intervene), Procedural Due Process Violation (14th Amendment), RICO Predicate Act (Conspiracy to Interfere with Civil Rights

9

32. Juliana Maladeci: Licensed Social worker employed by CWS. Defendant Maladeci conducted the initial investigation that led to the warrantless removal of Plaintiff's children on September 27, 2023. At no point did she present lawful grounds for the removal or secure a valid warrant, violating Plaintiff's Fourth Amendment rights. She failed to issue proper referrals for voluntary drug testing, ignored Plaintiff's documented attempts to comply, and later participated in misrepresenting these events in agency reports. Her actions directly triggered the dependency case and denied Plaintiff procedural due process. Acted under color of law and within official duties. Sued individually and in official capacity.

33. Claims: Fourth Amendment Violation (Unlawful Seizure), Procedural Due Process Violation (14th Amendment), ADA Retaliation, Fabrication and Misrepresentation of Material Facts, Title IV-E Violation (Unlawful Removal Without Reasonable Efforts), Civil Conspiracy, RICO Predicate Act (Obstruction of Justice)

34. Barbara Prior: Court-ordered DSS liaison. Failed to maintain mandated visitation, breached court-ordered responsibilities, and contributed to emotional trauma and due process violations. Sued individually and in official capacity.

35. Claims: Negligent infliction of emotional distress, violation of court order, § 1983 failure to perform duties under color of law.

COMPLAINT FOR DAMAGES

36. Valerie Amador: Non licensed Social worker employed by CWS. Acted under color of law and within official duties. Sued individually and in official capacity. Defendant Amador's conduct demonstrates deliberate indifference, denial of due process, violation of Plaintiff's rights under the Americans with Disabilities Act, and breach of mandated duties to protect children from harm. Plaintiff alleges that Defendant Amador was part of a broader effort within the agency to suppress evidence, obstruct parental rights, and falsify the record through coordinated omission.

37. Claims: Procedural Due Process Violation (14th Amendment, §1983), ADA Title II Violation (42 U.S.C. § 12132), Title IV-E Funding Violation (Failure to Provide Reasonable Efforts), California Constitutional Violations (Art. I §§ 1, 7), Negligence / Deliberate Indifference, Civil Conspiracy / Ratification of Misconduct, Abuse of Process

38. Danielle Plevel: Minors Counsel- Violated First and Fourteenth Amendment rights by influencing Bryan, suppressing his voice, and colluding with County to maintain unlawful jurisdiction. Exerting undue influence over Bryan, suppressing his efforts to be heard by the Court, and colluding with County actors to maintain unlawful jurisdiction in violation of Bryan & Vaniela's right to familial association and Plaintiff's parental rights. Defendant Plevel's acts caused significant emotional harm, alienation, and ongoing trauma to Plaintiff's minor son, daughter and Plaintiff

herself. Filed objections and made legal representations without consultation. Sued individually and in official capacity.

39. Claims: Procedural due process violation, breach of WIC § 317(e), suppression of evidence, violation of children's rights under CRC Rule 5.660, RICO Predicate Acts (Obstruction, Retaliation by Omission)

40. Linda Currey: Court Appointed Attorney-failed to provide effective assistance of counsel, repeatedly ignored Plaintiff's documentation and objections, and advised Plaintiff to waive critical rights without full explanation or informed consent. Despite knowing that social worker reports were false, she refused to challenge them on the record, failed to file supporting declarations, and dismissed Plaintiff's efforts to submit exculpatory evidence. Her omissions and failures contributed directly to the continuation of unlawful court actions and violated Plaintiff's access to a fair hearing.

41. Claims: Violation of Procedural Due Process (14th Amendment, § 1983), Denial of Effective Assistance of Counsel, Access to Courts Violation (Christopher v. Harbury standard), Civil Conspiracy / Ratification of Fraudulent Process, Emotional Distress and Breach of Duty to Client, Suppression of Evidence and Denial of Advocacy, California Constitution Article I §§ 1 & 7 Violations, RICO Predicate Act (Fraud, Obstruction of Justice)

COMPLAINT FOR DAMAGES

42. DOES 1-50: Currently unknown individuals who participated in, supervised, or
ratified unlawful acts. Plaintiff will amend complaint when identities are known..

## STATEMENT OF FACTS

43. Beginning in July 2020, Plaintiff Rebecca Gamboa entered into a cooperative
working relationship with San Luis Obispo County Child Welfare Services
("CWS"), as a licensed Resource Family, fostering two children who had
previously endured significant trauma. Plaintiff successfully completed all
required service plans, participated in all required therapeutic programs, advocated
for the needs, of the minors, maintained stable housing and education for the
minors, and engaged with assigned social workers, therapists, and CASA
representatives a minimum of two to three times a week in her home.

44. Between Aug. 2020 and Sept. 2023, Plaintiff was in frequent and open contact
with agency representatives — including caseworkers, therapists, and adoption
specialists — consistently demonstrating transparency, compliance, and
commitment to the welfare of her children.

COMPLAINT FOR DAMAGES

45. Based on Plaintiff's consistent success, the agency formally approved and finalized the adoptions of two foster children into her permanent care, recognizing Plaintiff's capacity to heal, support, and nurture traumatized minors.

46. No findings of abuse or neglect were made against Plaintiff during or after these adoptions. (Reference: Agency reports and adoption approval records.)

47. Plaintiff continued working with various agency-appointed support workers post-adoption, maintaining ongoing compliance with CWS expectations voluntarily, despite having no formal oversight requirements once adoptions were completed.

48. Plaintiff continued working with various agency-appointed support workers post-adoption, maintaining ongoing compliance with CWS expectations voluntarily, despite having no formal oversight requirements once adoptions were completed, such as Family Care Network, therapist and rehabilitation specialists weekly until Sept. 2023.

49. This Statement of Facts outlines the key events and legal violations underlying Plaintiff Rebecca Gamboa's federal civil rights complaint, beginning September 7,

14

COMPLAINT FOR DAMAGES

2023. All dates, actors, and evidence are substantiated by court filings, agency

documents, and direct correspondence.

50.    September 7, 2023 – Pre-Removal Contact & Setup: CWS (Juliana Maladeci)

contacted Plaintiff while she was preparing for surgery, requesting an in-person

meeting. Despite medical conflict, Plaintiff cooperated. *Violations:* ADA

interference, retaliation, failure to accommodate *Evidence:* Phone call

transcript, CAPSLO coordination, surgery confirmation.

51.    September 8–11, 2023 – Surgery & Motel Recovery:  Plaintiff underwent hand

surgery. CAPSLO placed her in Motel 6 in Morro Bay with children. She notified

CWS of the temporary location. *Violations:* None (cooperative period)

52.    September 15, 2023 – Threatened With Evading, Inaccessible Drug Testing:

Plaintiff notified CWS she was attending a housing intake and would be late. She

was told she had 15 minutes or would be marked evasive. DSS required drug

testing but did not issue a referral. *Violations:* Procedural due process, access to

services obstruction *Evidence:* Call logs, failed test location attempts.

COMPLAINT FOR DAMAGES

53. September 21–25, 2023 – Welfare Check & Repeated Test Denials: Welfare check conducted by Morro Bay PD. Multiple attempts to complete drug testing denied due to DSS failure to issue referral. *Violations:* Retaliation, obstruction of court compliance, ADA interference.

54. September 27, 2023 – Warrantless Removal of Children: Social worker Juliana Maladeci and Officer Aaron Miller removed Plaintiff's children without serving a warrant or presenting documentation. *Violations:* 4th Amendment unlawful seizure, 14th Amendment procedural due process, family integrity violations *Evidence:* Plaintiff declarations, lack of warrant, contemporaneous communications

55. October 2, 2023 – Detention Hearing & Misrepresentation Begins: Court-appointed attorney Linda Currey spoke with Plaintiff for the first time minutes before the hearing. Amanda Briley assigned as new CWS worker. *Violations:* Denial of effective counsel, due process, court collusion *Evidence:* Call logs, JV-180 filings, Detention Report.

COMPLAINT FOR DAMAGES

56. October 4, 2023 – Amanda Briley Interview Setup Failure: Briley arrived early. Plaintiff had stepped out with Haley; phone damaged. Briley claimed no contact and left. *Violations:* Mischaracterization, setup for entrapment, bad faith conduct

57. October–December 2023 – Systemic Misconduct: Amanda Briley submitted multiple court reports with demonstrably false or misleading statements (drug test claims, service participation, living conditions). Supervisors Jocelyn McCurrey and Desilyn Trahan signed off. No corrections made after correction made by Plaintiff. *Violations:* Fabrication of evidence, fraud, perjury (Pen. Code §115, §118), 14th Amendment, ADA retaliation *Evidence:* Drug test lab results, comparison testing (Industrial Health), email objections, motion filings

58. November 2023 – Surgery #2 & Continued Compliance: Plaintiff underwent second hand surgery. Despite pain and mobility limits, she maintained contact and attended services. *Violations:* ADA disregard, retaliation continuation

59. December 2023 – Disposition Hearing & False Claims Finalized: Despite evidence of compliance and stable recovery, court adopted Briley's false report.

Visitation restrictions remained, reunification delayed. *Violations:* Substantive due process, fraud, court misrepresentation.

60. January–March 2024 – Visitation & Record Obstruction: Requests for expanded visitation ignored. Briley and Prior failed to maintain minimum court-ordered contact. Plaintiff's attempts to provide medical and mental health updates obstructed. *Violations:* Access to courts, ADA retaliation, record suppression *Evidence:* Texts, emails, court communications

61. May 1, 2024 – County Counsel Response Filing: Vincent Uberti filed a motion misrepresenting Plaintiff's position and suppressed service records and evidence. Debra Barriger previously refused to produce discovery under JV-570. *Violations:* Perjury, obstruction, civil conspiracy.

62. June 2024 – Extension Filing & Suppression of Standing: DSS submitted a case extension under Devin Drake's signature. Despite Plaintiff's active filings and motions, the County failed to disclose prior procedural violations and denied her legal standing. *Violations:* Denial of standing, misrepresentation, fraud on the court *Evidence:* Conformed extension filing, cover sheets, prior objections

63.    July 2024 – 6-Month Review Report: Filed under Valerie Amador, this report
       omitted material facts, suppressed updated visitation status, and misrepresented
       Plaintiff's engagement. Supervisory sign-off unverified. *Violations:* Procedural
       due process, record falsification, Monell oversight failures

64.    October 2024 – Detriment Finding Report: CWS submitted a report affirming
       detriment, despite Plaintiff's compliance and documentation. Facts ignored,
       testimony omitted, reunification obstructed. *Violations:* Substantive due
       process, abuse of process, retaliation, family integrity interference

65.    December 2024 – Misrepresentation of JV-180 Access and Court Standing:
       Plaintiff submitted multiple filings requesting enforcement, visitation, and
       standing. County Counsel misrepresented filings, falsely claimed Plaintiff lacked
       standing. DSS submitted filings with suppressed context. *Violations:* Due
       process violations, denial of access to courts, suppression of evidence, standing
       obstruction *Evidence:* JV-180 filings, County responses, court conformed
       service records.

COMPLAINT FOR DAMAGES

66.   January 2025 – Continued Suppression of Evidence, Ignored Rebuttals: Plaintiff submitted rebuttal to CWS filings which County Counsel failed to acknowledge. No updated visitation or access granted. Misleading statements remained uncorrected in court record. *Violations:* Suppression, retaliation, perjury by omission, Monell ratification

67.   April–May 2025 – Standing Denials, Service Refusals, Retaliation: Despite service and court filings, Plaintiff's motions for expert evaluation, reunification, and standing continue to be obstructed. County Counsel fails to appear in good faith, repeatedly ignores court-ordered filings and due process triggers. *Violations:* Access to courts, family integrity, ADA retaliation, civil conspiracy *Evidence:* Filing history, April–May court documents, email records Pattern of Violations (September 2023–Present): Across all documents filed by CWS and DSS, the same signature block appears: "Respectfully Submitted, Devin Drake." County Counsel ratified filings. Reports contain misstatements, omissions, and outright fabrications. *Violations:* 4th Amendment, Monell liability, fraud, ratification, suppression, civil conspiracy *Evidence:* Full set of filed reports, hearing transcripts, motion history

COMPLAINT FOR DAMAGES

# CLAIMS

68.  Each claim is backed by the factual events and violations listed in the Statement of Facts, linked to one or more Defendants under individual, official, and Monell liability.

69.  42 U.S.C. § 1983 – Fourth Amendment Violation: Unlawful Seizure Against: Juliana Maladeci, Aaron Miller, County of San Luis Obispo (Monell). For the warrantless removal of children without exigent circumstances or served court order.

70.  42 U.S.C. § 1983 – Fourteenth Amendment Violation: Procedural Due Process: Against: Amanda Briley, Jocelyn McCurrey, Desilyn Trahan, Linda Currey, County for deprivation of notice, opportunity to be heard, misrepresentation of evidence, false filings, and coerced waiver of trial rights.

71.  42 U.S.C. § 1983 – First & Fourteenth Amendment Violation: Substantive Due Process Against: All County Defendants, Plevel, Prior, Amador for destruction of family integrity, alienation, and interference in parent-child relationship without justification.

COMPLAINT FOR DAMAGES

72.   42 U.S.C. § 1983 – First Amendment Retaliation Against: Briley, Trahan, Uberti, Barriger, Board actors for retaliating against Plaintiff's protected speech, filings, and public complaints.

73.   42 U.S.C. § 1983 – Access to Courts Violation Against: County Counsel, DSS, CWS

for obstructing filings, denying records, and misrepresenting Plaintiff's standing in court.

74.   California Constitution, Article I §§ 1, 3, and 7, State analogues for due process, privacy, and right to petition government. Mirrored violations by all County Defendants.

75.   Fraud / Misrepresentation / Perjury Against: Amanda Briley, County Counsel, Amador, Prior for knowingly submitting false or misleading information to court (Pen. Code §§ 115, 118).

COMPLAINT FOR DAMAGES

76.   Abuse of Process Against: DSS, County Counsel, Briley, Uberti for manipulation of dependency procedures to justify unjustified custody interference.

77.   Negligence / Negligent Supervision Against: DSS, CWS, supervisors for failure to supervise employees, train properly, or investigate falsified records and retaliation.

78.   Intentional Infliction of Emotional Distress (IIED) Against: All named individuals (personal capacity) for deliberate interference with family integrity, threats, retaliatory conduct, and court abuse.

79.   Civil Conspiracy Against: DSS, County Counsel, CWS, Plevel, Briley for coordinated effort to sustain unlawful jurisdiction, suppress Plaintiff's rights, and maintain false narrative.

80.   Title IV-E Funding Violation Against: DSS, CWS for failing to offer reasonable efforts for reunification while collecting federal funds.

COMPLAINT FOR DAMAGES

81.  ADA Title II Violation – Failure to Accommodate / Retaliation Against: DSS, CWS, County for denying Plaintiff's disability-related accommodations and retaliating against protected activity.

# DAMAGES

82.  Emotional, Familial, Psychological Harm

83.  Severe PTSD, anxiety, depression, and alienation inflicted on Plaintiff and all five children (Bryan, Vaniela, Haley, Cindy, Taylor)

84.  Each child deprived of stability, contact, and therapeutic recovery during formative years.

85.  Special Damages – Time-Based Tort Formula: $0.05 per second, per child, from September 7, 2023 at 8:00 PM to present. Total (as of May 5, 2025): over $500,000,000

86.  Medical and psychiatric costs (past and future)

Loss of housing and employment

Loss of licensure and reputation

Out-of-pocket service costs

Legal costs and pro se burden

Compounded trauma due to procedural abuse

COMPLAINT FOR DAMAGES

87.   Plaintiff Rebecca Gamboa additionally seeks compensatory damages for

emotional, psychological, and relational injuries sustained not only by herself but

by all five of her children — Bryan, Vaniela, Hailey, Cindy, and Taylor — as a

direct and proximate result of Defendants' unconstitutional, discriminatory,

retaliatory, and abusive actions, including:

88.   Emotional distress and trauma caused by unlawful family separation, baseless

dependency interventions, and suppression of family reunification;

Plaintiff additionally faces ongoing harm and threat of irreparable injury absent

federal court intervention.

89.   EXPANDED DAMAGES STATEMENT TIME-BASED HARM

90.   Since the unlawful removal of her children on September 7, 2023, at

approximately 8:00 PM, Plaintiff Rebecca Gamboa and her children have endured

an unrelenting cascade of emotional, psychological, and constitutional harm.

Every second since that moment has represented not just the passage of time, but

an active violation of their familial rights and personal liberty.

91.   This complaint does not rely on abstract estimations or generalized suffering. It is

rooted in the tangible, continuous trauma endured every moment these children

COMPLAINT FOR DAMAGES

have been separated from their mother is trauma documented, measured, and

deeply felt.

92.  To that end, Plaintiff asserts damages calculated as follows: - $0.05 per second

- Per child (2 children)

- Per documented violation (103 violations)

93.  From the date and time of removal to the present moment, totaling over 52 million

seconds. This yields a total compensatory damages figure of: $539,276,306.90

94.  This figure represents a fraction of what was truly lost not in monetary terms, but

in shattered stability, ruptured bonds, and a childhood forever altered by

unconstitutional state action. Plaintiff demands recognition not just of the legal

injuries, but of the lived devastation inflicted on her family with every passing

second.

## PRAYER FOR RELIEF

95.  Plaintiff respectfully requests that the Court:

96.  Declare that Defendants violated Plaintiff's constitutional, statutory, and civil

rights;

Award compensatory damages of no less than $250 million for emotional,

COMPLAINT FOR DAMAGES

psychological, and familial harm;

97.  Issue a preliminary and permanent injunction:

98.  Grant a Restraining Order and Injunction enjoining Defendants from continuing to interfere with Plaintiff's parental rights, ADA protections, and access to the courts;

99.  Requiring immediate reunification with Bryan;

100.  Prohibiting further jurisdiction or placement interference;

101.  Barring retaliation for protected conduct; Order independent judicial review, oversight, and audit of San Luis Obispo County DSS/CWS and related actors;

102.   Award attorney's fees and litigation expenses under 42 U.S.C. § 1988;

103.  Order an immediate independent audit and investigation of San Luis Obispo County Child Welfare Services (CWS) and Department of Social Services (DSS), including all dependency filings submitted under the signature authority of Director Devin Drake or his designees, to determine compliance with state and federal law;

104.  Refer findings of civil rights violations to the California Attorney General, the California State Department of Social Services Oversight Division, and the U.S. Department of Justice, Civil Rights Division, for further action;

COMPLAINT FOR DAMAGES

105.  Declare that Defendants' systemic practices violated the Fourth and Fourteenth Amendments to the United States Constitution, and Title II of the Americans with Disabilities Act (ADA);

106.  Appoint a Special Master or Court Monitor to oversee San Luis Obispo County CWS's compliance with constitutional standards for the duration of this action or until compliance can be verified;

107.  Award compensatory and punitive damages to Plaintiff for past and continuing constitutional violations;

108.  Award attorney's fees, costs of suit, and any other relief the Court deems just and proper under 42 U.S.C. § 1988;

109.  Retain jurisdiction to enforce compliance with the Court's orders.

**JURY DEMAND**

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

May 5, 2025

28

COMPLAINT FOR DAMAGES

Respectfully submitted ,

Rebecca Gamboa, Pro Se Litigant

/s/ Rebecca Gamboa, Pro Se

6

COMPLAINT FOR DAMAGES